CITY OF SOLON, APPELLEE, *v.* MALLION, APPELLANT.

(Nos. 45811 and 45812—Decided June 27, 1983.)

*Mr. Michael Drain,* for appellee city of Solon.

*Mr. William H. Stein,* for appellant Thomas G. Mallion.

MARKUS, J. Defendant appeals from convictions for driving while his license was suspended and leaving the scene of an accident. He claims that an oral statement reported by police should have been

suppressed as the product of an illegal arrest and police failure to give *Miranda* warnings. See *Miranda* v. *Arizona* (1966), 384 U.S. 436 [36 O.O.2d 237]. He also asserts that the trial court erred by failing to conduct an evidentiary hearing on his suppression motion, by failing to make factual findings regarding that motion, and by expressing the trial judge's personal disagreement with "the exclusionary rule." We find that defendant's claimed errors lack merit, so we affirm the trial court's judgment.

The accident victim testified that a maroon Chevrolet Caprice struck his car forcefully from the rear in the early morning hours, and that the white male driver of that car left the scene without identifying himself. The victim called the police, described the offending car, and supplied the first two letters of that car's license plates. The police examined the victim's car at the accident scene, and advised him that they would attempt to locate the other car.

The victim drove around nearby neighborhood streets, searching for that other car. Less than seven hours after the collision, he found a car in a private driveway, which he identified as the offending vehicle. He again telephoned the police, and supplied the address for the driveway in which that car was then located.

A police officer testified about his observations at the accident scene shortly after the collision and his further investigation when the victim reported the car's location. At the accident scene, he saw major damage to the rear of the victim's car and found a piece from the other vehicle. When he went to the described driveway, he saw a vehicle matching the victim's description with major, fresh front-end damage.

Without objection, the officer testified that defendant's father then told him that defendant had last driven the suspect vehicle. At the father's invitation, the officer entered the residence, while the father summoned defendant from the bedroom where defendant had been sleeping. The officer asked defendant whether he had been involved in the subject accident, and defendant's answer was noncommital.

The officer then asked defendant to come to the police station for further questioning. It was not clear whether defendant made that trip in his own car or in the police cruiser. Shortly after arriving at the police station, defendant admitted his involvement in the accident and explained that he left the scene because his license was suspended. The police used their computer to confirm that suspension. The officer then issued traffic ticket citations and arrested the defendant. In the officer's presence, defendant telephoned his girl friend, who owned the maroon Chevrolet, and told her that "he had smacked the car up." Thereafter, the officer took paint scrapings from the maroon Chevrolet which matched the paint on the victim's car.

Defendant did not testify. The sole defense witness was defendant's father who confirmed some of the police testimony, but insisted that defendant had ridden to the police station in the police cruiser. Approximately three months before trial, defense counsel moved to suppress defendant's oral statement on grounds that the officer had not given *Miranda* warnings and that the statement followed an illegal arrest. That motion was promptly denied without an evidentiary hearing.

At the trial, a second trial court judge allowed defense counsel to renew his suppression motion. After permitting oral argument on the motion, the second trial court judge reserved ruling on the latter branch of the motion, until he heard evidence on that subject during the course of the imminent nonjury trial. At the conclusion of that trial, the judge adhered to previous rulings which denied the sup-

pression motion and found defendant guilty of both charges.

## I

In his first four assignments of error, defendant challenges the trial court's procedures for the disposition of the suppression motion. He argues that the trial judge improperly failed to conduct a pretrial evidentiary hearing on that motion, failed to state his factual findings relevant to the suppression ruling, limited suppression evidence to testimony at trial, and expressed his personal disapproval of the "exclusionary rule."

Contrary to defendant's contention, Crim. R. 12(E) does not mandate an evidentiary hearing on every suppression motion. Cf. *United States* v. *One 1965 Buick* (C.A. 6, 1968), 392 F. 2d 672. The trial court must conduct such a hearing only where the claims in the suppression motion would justify relief, and where those claims are supported by factual allegations. The defense motion here did not contain any such factual allegation, so the court had discretion to deny the motion without any further hearing. The trial court did comply with the requirement in Crim. R. 12(A) to decide that motion before trial.

In effect, the second trial judge exercised his discretion to reconsider that ruling if and when evidence at trial demonstrated its merit. The second trial judge's exercise of that discretion in defendant's favor cannot serve as a basis for reversal.

This court has previously held that rulings on suppression motions may involve questions of law rather than decisions on factual issues, so Crim. R. 12(E) does not always require the court to "state its essential findings on the record" when deciding such a motion. *State* v. *Cowan* (Jan. 4, 1980), Cuyahoga App. No. 40128, unreported. Even if some suppression motions present factual issues, this motion did not.

While the trial judge would have been well advised to have kept his personal views to himself, his expressed disapproval of the exclusionary rule did not deprive this defendant of a fair and impartial trial. The trial court's rulings on the suppression motion were legally proper, and defendant has failed to show that the judge's private views prejudiced his decisions. Cf. *State* v. *Wade* (1978), 53 Ohio St. 2d 182 [7 O.O.3d 362], paragraph two of the syllabus.

Defendant's first four assignments of error are overruled.

## II

Defendant's final two claimed errors address the merits of his suppression motion. The trial court's original denial of that motion might have precluded defendant's further argument on that subject, since the original motion failed to allege sufficient facts to justify relief. However, the second trial judge's limited reconsideration requires us to determine whether the trial evidence required a contrary ruling.

Defendant argues that he was not given *Miranda* warnings before he made the inculpatory statement. This argument fails for three reasons. Even though the questioning occurred at the police station, the evidence denies any restriction on his freedom which is necessary to invoke the *Miranda* limitations on custodial questioning. Cf. *Oregon* v. *Mathiason* (1977), 429 U.S. 492. Second, the Ohio Supreme Court has expressly ruled that *Miranda* warnings need not be supplied to validate otherwise voluntary statements for misdemeanor prosecutions. *State* v. *Pyle* (1969), 19 Ohio St. 2d 64 [48 O.O.2d 82], certiorari denied (1970), 396 U.S. 1007, paragraph two of the syllabus. Third, defendant's statement to his girl friend contained the same admission. Since that statement did not respond to custodial questioning, the officer was free to report it, and any error related to defendant's earlier equivalent statement was necessarily harmless.

Defendant next contends that the statement should have been suppressed

because it resulted from an unlawful arrest, relying on *Taylor* v. *Alabama* (1982), 457 U.S. 687. See, also, *Dunaway* v. *New York* (1979), 442 U.S. 200; *Brown* v. *Illinois* (1975), 422 U.S. 590. But cf. *Cardwell* v. *Taylor* (1983), 76 L.Ed.2d 333 (illegality of voluntary statement following an illegal arrest cannot be raised in subsequent habeas corpus proceeding). However, it is not clear that this line of cases applies here. Each of those decisions involved felonies rather than misdemeanors. Cf. *State* v. *Pyle, supra.* Further, in each of those cases, the United States Supreme Court emphasized that the officers lacked probable cause for the defendant's arrest, apparently suggesting that the statement's inadmissibility resulted from the defendant's unlawful seizure without probable cause in violation of the Fourth Amendment. Certainly, the evidence here clearly demonstrates that the officers had probable cause to arrest the defendant before he made any inculpatory statement.

However, the suppression ruling here is not reversible error, even if *Taylor* v. *Alabama, supra,* and its antecedents apply to a statement following a misdemeanor arrest with probable cause that otherwise violated state law. The uncontradicted evidence here establishes that defendant appeared voluntarily at the police station for questioning, and that the arrest followed the inculpatory statement. Further, the defendant's statement to his girl friend was unrelated to the arrest, so its proper recitation rendered harmless any error from the admission of the similar previous statement to the police officer.

Defendant's fifth and sixth assignments of error are overruled.

The trial court's judgment is affirmed.

*Judgment affirmed.*

CORRIGAN, P.J., and JACKSON, J., concur.