The STATE of Ohio, Appellant,

v.

SAWYER, Appellee.

[Cite as *State v. Sawyer* (1991), 74 Ohio App.3d 185.]

Court of Appeals of Ohio,
Miami County.

No. 90–CA–44.

Decided May 16, 1991.

*Philip D. Hoover,* Prosecuting Attorney, for appellant.

*John A. Wannemacher,* for appellee.

GRADY, Judge.

Defendant-appellee Tommy D. Sawyer was charged with operating a vehicle under the influence of alcohol or a drug of abuse in violation of R.C. 4511.19(A)(1). Sawyer provided a urine sample to arresting officers. The sample was tested and analyzed at the Ohio State Highway Patrol Crime Laboratory, which reported that it was found to contain a quantity of methamphetamine, a Schedule II substance.

Defendant-appellee filed a motion to suppress the results of the urine test, claiming that the Department of Health had failed to establish regulations for drug testing and, therefore, that the test results were inadmissible pursuant to R.C. 4511.19(D).

The trial court was presented, by the state, with a copy of a letter from Leonard J. Porter, M.Sc., Chief Toxicologist, Ohio Department of Health, who stated with respect to rules for drug testing that "[n]o such rules have been promulgated as authority under 3701.143 pertain[ing] only to alcohol testing." The trial court found that because the Director of Health had failed to promulgate such rules, the defendant's motion to suppress must be granted.

Appellant state of Ohio has filed a timely notice of appeal and certified, pursuant to Crim.R. 12(J), that suppression has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

The state has presented a single assignment of error:

"The trial court erred by sustaining defendant's motion to suppress based on the premise that the urine sample must be analyzed in accordance with methods approved by the Director of Health."

R.C. 4511.19(A) provides that no person shall operate a vehicle if "(1) [t]he person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse." Further provisions of sections (A) and (B) establish violations for operation of a vehicle with certain concentrations of *alcohol* in the blood, breath, or urine.

R.C. 4511.19(D) states, in pertinent part:

*"In any criminal prosecution for a violation of this section,* of a municipal ordinance *relating to operating a vehicle while under the influence of* alcohol, *a drug of abuse,* or alcohol and a drug of abuse, or of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, *the court may admit evidence on the concentration of alcohol, drugs of abuse, or alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance* withdrawn within two hours of the time of the alleged violation.

"When a person submits to a blood test at the request of a police officer under section 4511.191 of the Revised Code, only a physician, a registered nurse, or a qualified technician or chemist shall withdraw blood for the purpose of determining its alcohol, drug, or alcohol and drug content. This limitation does not apply to the taking of breath or urine specimens. A physician, a registered nurse, or a qualified technician or chemist may refuse to withdraw blood for the purpose of determining the alcohol, drug, or alcohol and drug content of the blood, if in his opinion the physical welfare of the person would be endangered by the withdrawing of blood.

*"Such bodily substance shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code.*

"If there was at the time the bodily substance was withdrawn a concentration of less than ten-hundredths of one per cent by weight of alcohol in the defendant's blood, less than ten-hundredths of one gram by weight of alcohol per two hundred ten liters of his breath, or less than fourteen-hundredths of one gram by weight of alcohol per one hundred milliliters of his urine, such fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

"Upon the request of the person who was tested, the results of the chemical test shall be made available to him, his attorney, or his agent, immediately upon the completion of the chemical test analysis.

"The person tested may have a physician, a registered nurse, or a qualified technician or chemist of his own choosing administer a chemical test or tests in addition to any administered at the request of a police officer, and shall be so advised. The failure or inability to obtain an additional chemical test by a person shall not preclude the admission of evidence relating to the chemical test or tests taken at the request of a police officer." (Emphasis added.)

R.C. 3701.143 provides:

"The director of health shall determine, or cause to be determined, techniques or methods for chemically analyzing a person's blood, urine, breath, or other bodily substance *in order to ascertain the amount of alcohol in a person's blood.* The director shall approve satisfactory techniques or methods, ascertain the qualifications of individuals to conduct such analyses, and issue permits to qualified persons authorizing them to perform such analyses. Such permits shall be subject to termination or revocation at the discretion of the director." (Emphasis supplied.)

█ Section (D) of R.C. 4511.19 limits admissibility of chemical analysis evidence of the presence of drugs in urine or other bodily substances to that determined by chemical analysis performed by means and methods of testing established pursuant to R.C. 3701.143. That statute applies only to means and methods of chemical analysis "to ascertain the amount of *alcohol* in a person's blood." It contains no requirements for chemical analysis to ascertain the amount of *drugs* in a person's blood. It is clear from the statement of Dr. Porter that the Director of Health has not promulgated means and methods of testing for drug concentration as R.C. 3701.143 does not require him to do so.

█ The prohibitions of R.C. 4511.19 concerning alcohol or drugs in the blood, breath, or urine, and the methods of proof provided in the statute, are precise and must be strictly interpreted. The methods and means of chemical analysis provided in section (D) of the statute are mandatory and exclusive. Until the Director of Health determines methods and means of chemical analysis to ascertain the presence of *drugs* in urine or other bodily substances, the limitations of R.C. 4511.191(D) will operate to exclude evidence in the form of chemical analysis offered to prove a violation of section (A) with respect to drugs. Of course, an offense may yet be proved by way of other competent evidence.

R.C. 3701.143 became effective January 1, 1968 and has not been amended since. R.C. 4511.19 was amended in 1982 to include drugs of abuse in addition to alcohol as a basis for violation. The legislature should amend R.C. 3701.143 to make consistent provisions for drug analysis.

Appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN and WOLFF, JJ., concur.