The STATE of Ohio, Appellee,

v.

ROUSSEAU, Appellant.

[Cite as *State v. Rousseau* (1991), 77 Ohio App.3d 162.]

Court of Appeals of Ohio,
Ottawa County.

No. 90–OT–057.

Decided Sept. 13, 1991.

*Lowell S. Petersen,* Prosecuting Attorney, and *David R. Boldt,* for appellee.

*Frederick C. Hany, II,* for appellant.

*Per Curiam.*

This· is an appeal from the decision and sentence of the Port Clinton Municipal Court which, following a plea of no contest, found appellant guilty of driving under the influence of alcohol. Because we find that the trial court erred in refusing to grant appellant an evidentiary suppression hearing, we reverse.

On July 1, 1990, appellant, Gaetan Rousseau, was stopped by a Port Clinton police officer after the officer observed appellant make a right turn on red at an intersection which was posted as prohibiting such a turn. When the officer approached appellant after the stop, he noted that appellant's speech was slurred and there was a "moderate odor of intoxicants." The officer then requested that appellant perform four separate field sobriety tests, each of which appellant failed. Appellant was then transported to the Port Clinton Police Department where he submitted to a breath test on an intoxilyzer machine which indicated that appellant had an equivalent blood alcohol content of .152 percent. Appellant was cited for driving under the influence of alcohol in violation of R.C. 4511.19(A)(1) and (3).[1]

---

1. R.C. 4511.19 provides

Appellant pled not guilty and, through counsel, filed a "motion to suppress/motion to dismiss/motion in limine." The motion sought to limit or suppress (1) results of appellant's field sobriety and breath tests, (2) appellant's statements relative to alcohol consumption, and (3) police testimony relative to appellant's sobriety. The motion listed nine grounds upon which appellant asserted suppression or limitation of evidence should be had:

"1. There was no lawful cause to stop the Defendant, detain the Defendant, and/or probable cause to arrest Defendant without a warrant.

"2. The test or tests to determine the Defendant's alcohol and/or drug level were not taken voluntarily and were unconstitutionally coerced when obtained due to the threat of loss of license not sanctioned by the requirement of O.R.C. § 4511.19.1.

"3. The individual administrating the Defendant's test of alcohol did not conduct the test in accordance with the time limitation and regulations of the State of Ohio in O.R.C. § 4511.19(B) and the Ohio Department of Health governing such testing and/or analysis, as set forth in OAC § 3701–53–02, including the operator's check list instructions issued by the Ohio Department of Health included in the appendices to OAC § 3701–53–02.

"4. The breath testing instrument was not properly surveyed to determine radio frequency interference by two qualified police officers utilizing two radios and surveying from *all* position *all* handheld, mobile and base radios required by OAC § 3701–53–02(C) and Appendix G.

"5. The operator of the breath testing instrument did not insure that the Defendant's test was conducted free of any radio transmissions from within the affected RFI zone as determined by a properly performed RFI survey OAC § 3701–53–02(C) and Appendix G.

"6. The solution used to calibrate the testing instrument was invalid and not maintained in accordance with OAC § 3701–53–04.

"7. The operator was not subject to certain periodic on-site surveys by representatives of the Director of Health as is required pursuant to OAC § 3701–53–08.

"8. The breath testing instrument utilized in this case was last tested for radio frequency on June 22, 1989. Since that time said breath testing

---

"(A) No person shall operate any vehicle * * * within this state, if any of the following apply:
"(1) The person is under the influence of alcohol * * *;
" * * *
"(3) The person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his breath."

instrument has required internal electronic repair and maintenance, and thereby requiring a new RFI survey as pursuant to OAC § 3701–53–02(C)(2).

"9. Statements from the Defendant were obtained in violation of his Fifth Amendment right against self-incrimination and both his Fifth and Sixth Amendment right to counsel as applicable under the Fourteenth Amendment to the United States Constitution."

The trial court denied appellant an evidentiary hearing on grounds two through nine because, according to the court, they were " * * * insufficient as a matter of law on their face to require a hearing * * *." Additionally, the trial court noted items two and eight were insufficient in that the claims "d[id] not justify relief."

On September 14, 1990, a hearing was held on the only remaining ground for suppression, whether the police had probable cause to stop or detain appellant. Following this hearing the trial court denied appellant's motion to suppress.

On October 26, 1990, appellant filed a motion requesting that the trial court reconsider its denial of a hearing on item four of the original motion. Appellant cited as reason for the reconsideration request the trial court's subsequent allowance of a hearing in a later case based on a motion with identical factual allegations. The testimony elicited at the hearing in the subsequent case indicated that the Radio Frequency Interference ("RFI") survey conducted on the Port Clinton Police Department's intoxilyzer machine had not been conducted in full conformity with the regulations governing such surveys. The trial court denied appellant's motion for reconsideration. Appellant then withdrew his not guilty plea, entered a plea of no contest with a consent to finding, and was found guilty. From this decision appellant brings this appeal citing the following assignments of error:

"1. The trial court erred in denying the appellant's motion to suppress without a pre-trial evidentiary hearing.

"2. The trial court erred when denying appellant's motion to suppress and motion for reconsideration by effectively denying appellant equal protection under the laws, due process of law and failing to allow a further suppression hearing in light of the newly discovered facts and prior ruling applied by the same trial court.

"3. The trial court erred as a matter of law, in denying appellant's motion to suppress; since, there is insufficient evidence on the record to support a finding that there was probable cause to arrest the appellant for operation of a motor vehicle while under the influence of alcohol."

I

The trial court, citing *Solon v. Mallion* (1983), 10 Ohio App.3d 130, 10 OBR 156, 460 N.E.2d 729, denied appellant's request for a suppression hearing on items two through nine of appellant's motion. The general rule has been that evidence obtained in violation of an administrative rule or even a statute was not necessarily excluded at trial. *State v. Myers* (1971), 26 Ohio St.2d 190, 196, 55 O.O.2d 447, 449, 271 N.E.2d 245, 249. The exclusionary rule mandated in *Mapp v. Ohio* (1961), 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, "has been applied * * * to violations of a constitutional nature only." *Kettering v. Hollen* (1980), 64 Ohio St.2d 232, 234, 18 O.O.3d 435, 437, 416 N.E.2d 598, 600. "The trial court must conduct * * * a[n evidentiary] hearing only where the claims in the suppression motion would justify relief, and where those claims are supported by factual allegations." *Solon v. Mallion, supra,* 10 Ohio App.3d at 132, 10 OBR at 157, 460 N.E.2d at 732.

During the pendency of the instant appeal, the Supreme Court of Ohio has addressed this very issue as it relates to chemical testing for blood alcohol content in the prosecution of driving under the influence charge brought under R.C. 4511.19(A)(3). In *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32, two defendants were charged with operating a motor vehicle while having a prohibited blood alcohol content under R.C. 4511.19(A)(3). Both entered pleas of not guilty and moved to suppress chemical breath tests. In both cases when the trial court denied the suppression motion, the defendants withdrew not guilty pleas and were found guilty on pleas of no contest. On appeal, the court of appeals found that the denial of appellant's motions to suppress were *in limine,* preliminary rulings on evidentiary matters and as a result the defendant's pleas of no contest prevented final rulings on admissibility of the evidence. Thus, the appellate court found that the defendants waived the error.

However, the Supreme Court found that a violation of R.C. 4511.19(A)(3) is a *per se* offense that requires only that the "defendant's chemical test reading was at the prescribed level and that the defendant operated a vehicle within the state." *Defiance v. Kretz, supra* at 3, 573 N.E.2d at 34. The court then noted that the accuracy of the test results is a critical issue in determining a defendant's guilt and that the "admissibility of test results * * * turns on substantial compliance with O[hio] D[epartment of] H[ealth] regulations." *Id.*

The court reasoned that an *in limine* motion for an intoxilyzer test is the *"functional equivalent of a motion to suppress* where it 'renders the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.'" (Empha-

sis added.) *Id.* at 4, 573 N.E.2d at 35, quoting *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141, syllabus.

■ Viewing the instant matter in light of the holding of *Kretz* that a motion *in limine* relative to an intoxilyzer test is the equivalent of a motion to suppress, we must conclude that items three through eight of appellant's motions were claims which would justify relief if established. Accordingly, the trial court erred in not scheduling an evidentiary hearing on these issues. Appellant's first assignment of error is well taken.

## II

Appellant's second assignment of error asserts that appellant was denied equal protection of law because the court in a subsequent case granted an evidentiary hearing on a claim with language identical to item four of appellant's motion in this case. Appellant also contends that he was denied due process of law when the trial court refused to reconsider its denial of an evidentiary hearing even after he brought to the attention of the trial court the later testimony of a Port Clinton police officer that the department's intoxilyzer had not been properly tested.

■ As discussed above, at the time when appellant's motions were pending authority indicated that a motion contesting the sufficiency of the testing of an intoxilyzer's accuracy was a motion *in limine* and not subject to mandatory pretrial hearings. *Solon v. Mallion, supra.* A defendant was not precluded from attacking the fundamental basis of a breathalyzer test at trial. *State v. Griggy* (1982), 1 Ohio Misc.2d 16, 1 OBR 457, 440 N.E.2d 74. Whether a hearing on the motion *in limine* was held was within the sound discretion of the court. Accordingly, we do not believe that a trial court that followed the law as it then existed committed an error of constitutional magnitude. Appellant's second assignment of error is found not well taken.

## III

■ In his third assignment of error appellant asserts that the trial court erred in denying his suppression motion because the record failed to support a finding that there was probable cause to arrest appellant. However, a review of the record indicates the arresting officer testified that he stopped appellant for making an illegal right turn on a red light, detected a moderate odor of alcohol, and noted that appellant's speech was slurred. Additionally, appellant was incapable of performing successfully on four separate field sobriety tests conducted by the arresting officer. Given the totality of the circumstances, *State v. McCaig* (1988), 51 Ohio App.3d 94, 554 N.E.2d 925, we find

that the indicia ascribed to appellant herein are sufficient for an officer to find probable cause that he was driving under the influence of alcohol. Accordingly, appellant's third assignment of error is not well taken.

On consideration whereof, the court finds that substantial justice was not accorded the defendant. The judgment of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this decision.

*Judgment reversed*
*and cause remanded.*

GLASSER, MELVIN L. RESNICK and SHERCK, JJ., concur.