**The STATE of Ohio, Appellee,**

v.

**McLEMORE, Appellant.**

[Cite as *State v. McLemore* (1992), 82 Ohio App.3d 541.]

Court of Appeals of Ohio,
Crawford County.

No. 3–92–4.

Decided Sept. 25, 1992.

*John Andrew Motter,* Assistant Prosecuting Attorney, for appellee.

*K. Ronald Bailey,* for appellant.

HADLEY, Presiding Judge.

This is an appeal from the December 10, 1991 judgment entry of the Crawford County Municipal Court setting forth a conviction of appellant Burnie McLemore after a plea of no contest to a charge of violating R.C. 4511.19(A)(1), driving under the influence of marijuana.

Prior to the change of plea, appellant had filed, on September 6, 1991, a motion to compel production of discovery materials pursuant to Crim.R. 16, including any scientific reports and physical evidence intended for introduction at hearing. On the same date, he filed a motion to suppress the results of "any and all tests performed in this case" and all statements made by him.

The motion was set for hearing on September 27, 1991, by notice dated September 9, 1991. Appellant also filed a "motion to dismiss as unconstitutional" and the hearing was continued to October 17, 1991, on the motion of the state. On September 26, 1991, the court also scheduled the trial date as October 17, 1991.

On September 30, 1991, appellant filed a motion for a ruling on the motion to compel, stating that some discovery had been received but that the rest of the items sought were necessary prior to the October 17 hearing. On October 1, 1991, appellant filed a motion for rulings on motions prior to commencement of trial and a motion to continue trial date because the prosecution had not supplied all discovery materials and pending motions had not been heard.

On October 16, 1991, appellant filed a motion for continuance of the hearing and trial scheduled for October 17 on the grounds of a scheduling conflict with federal court and because the prosecution had just advised counsel of the location in Columbus of the "voluminous discovery materials" requested by appellant. On October 17, 1991, appellant filed a motion for reconsideration of the motion for continuance. After being advised that the motion for continuance had been denied, trial counsel for appellant failed to appear on October 17, 1991, but did send an associate who, according to the entry of November 22, 1991, "had little or no knowledge of the case." The trial court denied the motion to suppress and/or dismiss for failure to prosecute and continued the trial date to December 16, 1991. The court further found that counsel had acknowledged receipt of the requested discovery on October 9,

1991, but that counsel had not shared his knowledge of the case with his associate and, therefore, denied reconsideration of the motion to suppress and/or dismiss. On December 16, 1991, the appellant entered his no contest plea and was found guilty and sentenced accordingly. This appeal followed.

Appellant assigns the following as error:

### Assignment of Error No. 1

"The trial court erred in not granting a necessary continuance and then denying the motion for failure to prosecute."

### Assignment of Error No. 2

"The trial court erred in denying appellant's motion to suppress and/or dismiss where the State used improper methods of urinalysis."

### Assignment of Error No. 3

"The trial court erred in denying appellant's motion to suppress and/or dismiss where the Director of Health for the State of Ohio has failed to approve any methods for analyzing the drug content in urine."

■ Appellant's first assignment of error involves the request for the continuance of the suppression hearing. Appellant states that the trial court erred in denying that continuance because appellant's attorney was scheduled to appear in federal court on another criminal case that same date. C.P.Sup.R. 7 states:

"(B) Conflict of Trial Assignment Dates. When a continuance is requested for the reason that counsel is scheduled to appear in another case assigned for trial on the same date in the same or another trial court of this state, the case that was first set for trial shall have priority and shall be tried on the date assigned. Criminal cases assigned for trial have priority over civil cases assigned for trial. The court should not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached to the motion and the motion is filed not less than thirty days prior to trial."

On September 23, 1991, this cause was set for hearing on the motions on October 17, 1991, and that date was also later set as the trial· date. On October 9, 1991, according to the attachment to appellant's motion, the federal case, originally scheduled for trial on October 15, 1991, was rescheduled as a change-of-plea hearing for October 17, 1991. Since the federal case did not go to trial and was scheduled for the plea hearing subsequent to this case being scheduled for trial, this case would have priority under the rules. Appellant argues that the federal case was originally scheduled for the October 15, 1991

trial date on July 31, 1991 and would, therefore, have priority over this case wherein the trial date was set after that July 31 date. However, the federal case did not go to trial. In addition, armed with that July 31 knowledge, appellant should have requested a continuance in this case more than thirty days prior to the trial as required by C.P.Sup.R. 7.

Counsel elected to send an associate to the suppression hearing and to attend the negotiated plea hearing in federal court himself. There is no indication why he elected to handle the hearings this way and did not attend to this case himself and send the associate to the federal case which had already reached the plea hearing stage. In any case, in light of C.P.Sup.R. 7, we do not find that the trial court abused its discretion in not granting the continuance of the suppression hearing.

In conjunction with this assignment, appellant also states that the untimely production of discovery materials denied appellant the effective assistance of counsel at the October 17, 1991 hearing because counsel did not have sufficient time to review the discovery materials provided to him for that hearing. Appellant states that although he filed his request for discovery on August 16, 1991, he did not receive the necessary discovery. Therefore, he filed a motion to compel on September 9, 1991, and the trial court failed to timely rule on that motion. Appellant does not elaborate in his brief as to how he is specifically prejudiced by these actions or inactions. He does state that it was not until "counsel went to the laboratory of the Ohio State Highway Patrol that it was discovered that the control sample used in this case had expired over one year before its use in this case."

Appellant's motion to suppress was filed on September 9, 1991, and it merely contains the boiler-plate grounds "that the statements of the Accused were taken in violation of his rights against self-incrimination, as guaranteed by the Ohio and United States Constitutions and Ohio law and such tests were not in conformance with Ohio law and were also taken in violation of the constitutional rights of the Accused, under the Ohio and United States Constitutions." The memorandum attached to said motion to suppress then states that at no time was appellant advised of his *Miranda* rights and that there was no probable cause to arrest him. The memorandum further sets forth that the tests were not taken voluntarily, that the individual administering the test did not conduct it in accordance with regulations, and that the analyzer did not have a proper permit. The memorandum, like the motion, does not go into any specific detail as to the noncompliance but uses the general language of the statutes and regulations involved.

In *Salon v. Mallion* (1983), 10 Ohio App.3d 130, 10 OBR 156, 460 N.E.2d 729, Judge Markus pointed out that Crim.R. 12 does not mandate an evidentia-

ry hearing on every suppression motion. The trial court must conduct such a hearing only where the claims in the suppression motion would justify relief, and where those claims are supported by factual allegations. Where the motion does not contain factual allegations justifying relief, the trial court has discretion to deny the motion without hearing.

It is apparent in this case from the motion itself and also from appellant's brief, wherein he states that he was not aware of any specific problem with the tests until the day before the suppression motion hearing, that the initial motion to suppress was totally inadequate for failure to specify and support with evidentiary materials any shortcoming in the testing procedure. *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889. Appellant states that the gravamen of the state's failure to provide discovery is that it failed to produce exculpatory evidence in the form of a urinalysis control sample that "had expired over one year before its use in this case." Even appellant's motion to reconsider the denial of the motion for continuance filed after appellant's discovery on October 17, 1991 does not set forth the information regarding the control sample.

After the hearing date, on October 22, 1991, appellant finally states in his next motion for reconsideration:

"The attached Affidavit incorporated herein by reference, clearly establishes that there is factual support for the allegations set forth in the Motion to Suppress and/or Dismiss filed in this action on September 9, 1991."

His attached affidavit states that on October 21, 1991, when he asked the testing officer over the telephone if the control sample that counsel viewed at the laboratory on October 16, 1991, was the same control sample that was used in the August 16, 1991 thin-layer chromatography test, the officer said that it was. Counsel then concluded on his own that, since he had on October 16, 1991 seen an expiration date on a control sample, the August 20, 1991 testing was invalid.

In response to appellant's motion, the trial court, in its entry of November 22, 1991, stated that at the hearing on the motion to suppress, "The defendant was present in Court with counsel of record's associate, Attorney Jeffrey J. Whitacre, with whom it appeared counsel of record had shared little or no knowledge of the case, although it is clear from counsel of record's latest motion that the information was available and could have been presented. It is therefore ordered, adjudged and decreed that defendant's motion for reconsideration of motion to suppress and/or dismiss is denied."

We agree with the trial court and *Xenia, supra,* that the failure to adequately raise the basis of the challenge to the testing procedure prior to

the suppression hearing constitutes a waiver of that issue on appeal. The first assignment of error is thus overruled.

■ Appellant's second and third assignments of error are directed towards the method of analyzing appellant's urine for marijuana content. As set forth above, appellant's motion to suppress initially did not specifically set forth what improper analysis methods appellant believes were used in this case. Appellant's affidavit makes reference to a telephone conversation in which the testing officer is supposed to have said that the sample counsel had seen on a given date was the same as the one used for appellant's urine analysis and it had passed the expiration date. No expert evidence has been presented by appellant to indicate that the usage of the control sample over one year old, if that is in fact the case, in any way causes the test to be inaccurate. *State v. Steele* (1977), 52 Ohio St.2d 187, 6 O.O.3d 418, 370 N.E.2d 740, held that rigid compliance with Department of Health regulations is not necessary in order for test results to be admissible. Defendant's Exhibit L attached to the motion for ruling on motion to compel and provided to appellant at the September 18, 1991 pretrial hearing, sets forth the curriculum vitae of the examiner and indicates by affidavit that the regulations of the Department of Health were followed. In addition, without the urine analysis report, there was still sufficient information from which the trial court could have determined that the appellant was guilty of driving under the influence and, thus, if there was error, there is no showing that appellant was prejudiced.

The record indicates that appellant was stopped in a radar check when he was found to be going seventy-one miles per hour in a fifty-five-mile-per-hour zone. While he was being pursued, his vehicle went well across the center line. Upon first contact with the officer, appellant stated that he knew he was speeding but stated that it was because he had just passed a vehicle prior to passing the officer. When appellant sat in the cruiser, the officer detected a strong odor of marijuana about appellant's person and his eyes were very bloodshot. His speech was broken, indicating he was nervous. Appellant first denied smoking any marijuana but, after further questioning, admitted to smoking some earlier in the afternoon and just prior to being stopped. Appellant was given field sobriety tests, consisting of the walk and turn test and balance test, both of which he failed. He was placed under arrest and a search incident to the arrest revealed three marijuana cigarettes in his shirt pocket and an additional baggie full of marijuana in the vehicle totalling over twelve grams. Appellant later admitted that the reason his vehicle had gone left of center when he was being stopped was that he was putting out a marijuana cigarette that he had been smoking. Thus, the record contains

adequate information to indicate probable cause to arrest the appellant and to conduct the search incident to the arrest that produced the marijuana.

While there is nothing in the record to indicate that appellant was advised of his *Miranda* rights prior to his making statements regarding his smoking marijuana, there is also no indication that the statements made by appellant were made while he was in custody or were made in response to any questions other than those of an investigatory nature made prior to his arrest.

R.C. 4511.19(D) provides for the admission of evidence obtained from the analysis of bodily substances. Appellant states that the mandates of R.C. 4511.19(D) have not been fulfilled because the techniques and methods for analysis have not yet been prescribed by the Director of Health. Appellant cites *State v. Sawyer* (1991), 74 Ohio App.3d 185, 598 N.E.2d 747, as authority for that approach. R.C. 4511.19(D) is not clear as to its application to the testing of urine for drugs. When it addresses the concentration level of the bodily substance of an accused, the statute seems to be referring only to alcohol concentrations. The portion of the statute dealing with being under the influence of a drug of abuse, subparagraph (A)(1), makes no reference to any required concentration level for a conviction under that charge. In light of that language and an analytical interpretation of subparagraph (D), a portion of which specifically states that it "does not apply to the taking of breath or urine specimens," it can be argued that the limitations of subparagraph (D) apply only to blood and urine alcohol testing and not to urine analysis for drugs.

In any case, the analytical report in this case was not intended to be utilized to indicate any level of concentration of drug, but rather was to show that the urine tested "positive" for marijuana. That amounted to only one piece of evidence which, standing alone, would be insufficient in any case to support the conviction. We find that, in light of the foregoing, without any proper showing that there was no substantial compliance with the Department of Health regulations, even if required, and in light of the waiver for lack of specifics, the report was admissible for the purpose of showing the positive test for marijuana. When the report is coupled with the other evidence in the case, including, but not limited to, the officer's statement, the actual controlled substance found on the appellant and in his vehicle, appellant's failure of the field sobriety tests and his admissions regarding ingestion, the trial court did not err in denying appellant's motion to suppress and/or dismiss. The second and third assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.