OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State of Ohio, Appellee, v. Ripple, Appellant.

[Cite as State v. Ripple (1994),     Ohio St.3d    .]

Criminal law -- Evidence -- Chemical analysis of urine purporting to indicate presence of drugs in an accused is inadmissible in a prosecution brought pursuant to R.C. 4511.19 unless analysis is done in accordance with methods approved by Director of Health -- R.C. 4511.19(D), construed.

Absent approval of methods by the Director of Health pertaining to the testing of bodily substances for drugs, a chemical analysis purporting to indicate the presence of drugs in an accused is inadmissible in a prosecution brought pursuant to R.C. 4511.19. (R.C. 4511.19[D], construed.)

(No. 93-1948 -- Submitted May 25, 1994 -- Decided August 24, 1994.)

Certified by the Court of Appeals for Licking County, No. 92-CA-126.

On the evening of July 1, 1992, Trooper Craig Seitz of the Ohio State Highway Patrol was assigned to work in Licking County because of a "Grateful Dead" concert that was being held in the area. At approximately 11:39 p.m., Trooper Seitz made a traffic stop of a vehicle operated by defendant-appellant, Douglas A. Ripple, just north of the concert area. Subsequently, the trooper arrested defendant for driving while under the influence of alcohol or drugs, R.C. 4511.19,[1] and received permission from defendant to conduct a breath and urine test.

The breathalyzer test indicated that defendant registered .086 concentration of alcohol per two hundred ten liters of breath, which is below the per se limit set forth in R.C. 4511.19(A)(3). The urine test also indicated that defendant's alcohol level was below the per se limit established in R.C. 4511.19(A)(4). However, defendant's urine was further tested for seven different classes of drugs, and the results of such testing allegedly revealed the presence of marijuana in his urine.

On July 8, 1992, defendant appeared before the county municipal court, entered pleas of not guilty to all charges and requested a jury trial. Defendant thereafter filed several motions to suppress the results of the urinalysis, and on October 19, 1992, a hearing was conducted pursuant to one of such motions which had not been denied.

In a judgment entry dated November 12, 1992, the trial court denied defendant's motion to suppress, stating that "the tests were conducted in conformity with the generally accepted scientific principles for drug analysis used in laboratories across the county ***." Defendant then requested the court to permit him to change his plea on all charges to one of "no contest," with a stipulation that he would appeal the court's denial of the motion to suppress. Subsequently, the court found defendant guilty on all counts and sentenced him accordingly.

Upon appeal, the court of appeals affirmed in a split decision. The majority rejected defendant's argument that the drug test results were inadmissible for failing to comply with R.C. 4511.19(D), and held that "*** in a case of a[n] R.C. 4511.19(A) violation, scientific tests that do not conform with R.C. 4511.19(D) are admissible if the necessary foundation is established and the tests of relevance and reliability are met."

The dissenting appellate court judge, Judge W. Scott Gwin, stated that under R.C. 4511.19(D), evidence was admissible in a prosecution brought pursuant to either R.C. 4511.19(A) or (B) only "if such bodily substance is analyzed in accordance with methods approved by the [Ohio] Director of Health." (Emphasis sic.) Since R.C. 4511.19(D) was not complied with, the dissent reasoned that the trial court erred in overruling defendant's motion to suppress.

The court of appeals, finding its decision to be in conflict with the decision of the Court of Appeals for Miami County in State v. Sawyer (1991), 74 Ohio App. 3d 185, 598 N.E.2d 747, certified the record of the case to this court for review and final determination.

James W. Hostetter, Director of Law, and Mark D. Gardner, Assistant Director of Law, for appellee.

Mark A. Serrott and Holly A. Jacobs, for appellant.


A. William Sweeney, J. R.C. 4511.19 provides in relevant part:

"(A) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if any of the following apply:

"(1) The person is under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse;

"***

"(D) In any criminal prosecution for a violation of this section, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, or of a municipal ordinance relating to operation a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, the court may admit evidence on the concentration of alcohol, drugs of abuse, or

alcohol and drugs of abuse in the defendant's blood, breath, urine, or other bodily substance at the time of the alleged violation as shown by chemical analysis of the defendant's blood, urine, breath, or other bodily substance withdrawn within two hours of the time of the alleged violation.

"***

"Such bodily substance shall be analyzed in accordance with methods approved by the director of health by an individual possessing a valid permit issued by the director of health pursuant to section 3701.143 of the Revised Code." (Emphasis added.)

The plaintiff-appellee, state of Ohio, concedes before this court that "the Ohio Director of Health has not promulgated any drug testing methods to be used in a 'per se' or presumptive level of drugs at which level a defendant would be deemed under the influence for a charge under Section 4511.19 of the Ohio Revised Code."  The state argues, however, that notwithstanding the lack of regulations concerning drug testing by the Director of Health, this court should apply its prior holding in Newark v. Lucas (1988), 40 Ohio St.3d 100, 532 N.E. 2d 130, and allow expert testimony concerning issues of drug testing.  While the state's arguments in this vein may appear reasonable, the language of R.C. 4511.19(D) strongly militates against adopting them.

In Sawyer, supra, the court of appeals noted that "[t]he prohibitions of R.C. 4511.19 concerning alcohol or drugs in the blood, breath, or urine, and the methods of proof provided in the statute, are precise and must be strictly interpreted.  The methods and means of chemical analysis provided in section (D) of the statute are mandatory and exclusive."  Id., 74 Ohio App. 3d at 188, 598 N.E. 2d at 749.  We agree.

In our view, the language of R.C. 4511.19(D) is clear, unmistakable and above all, mandatory.  Thus, the law enunciated in Newark v. Lucas, supra, cannot be applied in the cause sub judice, since the Director of Health has yet to approve any methods for analyzing drugs contained in bodily substances of an accused.  While other evidence of drug use may be admitted in a prosecution brought under R.C. 4511.19, it is clear that the General Assembly has foreclosed the use of chemical drug analysis of bodily substances, unless and until the Director of Health approves such a method.

Therefore, we hold that absent approval of methods by the Director of Health pertaining to the testing of bodily substances for drugs, a chemical analysis purporting to indicate the presence of drugs in an accused is inadmissible in a prosecution brought pursuant to R.C. 4511.19.

Accordingly, the judgment of the court of appeals is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

Judgment reversed
and cause remanded.

Moyer, C.J., Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

FOOTNOTE:

1  Defendant was also charged and later convicted of driving left of center (R.C. 4511.25) and for not using a seat

belt (R.C. 4513.263).