The STATE of Ohio, Appellee,

v.

HENSLEY, Appellant.

[Cite as *State v. Hensley* (1992), 75 Ohio App.3d 822.]

Court of Appeals of Ohio,
Auglaize County.

No. 2–91–27.

Decided June 30, 1992.

*Mark Spees,* Prosecuting Attorney, and *John H. Jones,* Assistant Prosecuting Attorney, for appellee.

*Michael E. Dugan,* for appellant.

---

*Per Curiam.*

This is an appeal from an Auglaize County Municipal Court judgment of conviction dated December 4, 1991. Defendant-appellant, Larry E. Hensley ("appellant"), was charged on September 22, 1991, with a violation of R.C. 4511.19(A)(1), operating a motor vehicle under the influence of alcohol or drugs, and R.C. 4511.19(A)(3), operating a motor vehicle with a breath-alcohol concentration of .166g of alcohol per two hundred ten liters.

On October 29, 1991, appellant filed a motion to suppress the breathalyzer results from evidence for the following reasons:

"1. The officer did not properly administer the breathalyzer test to the Defendant, according to the Rules and Regulations of the Health and Human Services.

. "2. The Defendant was not properly advised of his Miranda warnings."

By journal entry filed November 1, 1991, the trial court stated:

"A motion has been filed to suppress the results of a breath-alcohol test given to the defendant on September 22nd, 1991, and any and all statements made by him. The motion only sets forth vague conclusions of improper action on the part of the officer and fails to set forth any operative facts as to the specific problems alleged to have occurred. Additionally no memoranda of law in support of the motion has [*sic*] been filed. The plaintiff shall have ten days to supplement his motion."

On November 7, 1991, an amended motion to suppress was filed setting forth the following reasons:

"1. The test instrument used in testing the Defendant is not a proper instrument as required in Section 3701–53–02 of the Ohio Department of Health rules and regulations.

"2. A proper radio frequency interference test as required by the Ohio Department of Health rules and regulations had not been properly performed as required by Section 3701–53–02(C).

"3. The machine that was used was not properly calibrated according to Section 3701–53–04 of the Ohio Department of Health rules and regulations.

"4. The personnel that conducted the calibration test of the Defendant were not properly qualified personnel according to Section 3701–53–07 of the rules and regulations of the Ohio Department of Health.

"5. The personnel that calibrated the machine and performed the [sic] on the Defendant have not submitted to proficiency examinations according to Section 3701–53–08 of the rules and regulations of the Ohio Department of Health.

"6. The personnel that calibrated the machine and ran the test on the Defendant were not properly issued permits as required by Section 3701–53–09 of the rules and regulations of the Ohio Department of Health.

"7. The Defendant was not properly advised of his right to refuse or to obtain an independent test as required by Section 4511.19 of the Ohio Revised Code.

### "MEMORANDUM

"The Defendant's Motion to suppress from evidence is based upon the case of [*City of*] *Defiance vs. Kretz* [1991], 60 Oh.St.3rd, page 1–5 [573 N.E.2d 32]."

The trial court's journal entry of November 19, 1991, states:

"The defendant has filed an amended motion to suppress evidence. The motion contains more specific basis as to the grounds suppression is sought under but no facts supporting those conclusions. Additionally, the memorandum of law is merely a citation to the case stating that suppression of evidence is a proper pretrial procedure in a OMVI case.

"The apparent shotgun approach to motion practice is evident when the first branch of the motion states that the test instrument was not an approved evidentiary instrument under O.A.C. 3701–53–02. However, the motion does not state what machine was used and that the machine used is not on the approved list. In fact, the court's file would indicate that a BAC Verifier was used to test the breath sample and that a BAC Verifier is an approved evidentiary instrument.

"The portion of the motion dealing with Miranda rights shall be dealt with as a part of the trial to court as set for November 25, 1991."

The trial was continued to December 3, 1991, and the appellant appeared with counsel and entered a plea of no contest and was found to be guilty of the R.C. 4511.19(A)(3) charge. He was sentenced to a three-day jail sentence (suspended), a one-year license suspension (six months suspended), and a $500 fine ($300 suspended on condition that he complete a seventy-two hour

weekend intervention program). The sentence was stayed pending this appeal.

Appellant assigns as error:

"Breathalyzer test results must not be admitted into evidence absent proof, the burden of which resting [*sic* ] on the state, that the test was accurate and properly administered under the Ohio Department of Health rules and regulations as required by R.C. 4511.19.

"A. The pretrial motion to suppress is the proper procedure for challenging breathalyzer test results when charged with a violation of R.C. 4511.-19(A)(3).

"B. The state has the burden of proving that it complied with the Ohio Department of Health rules and regulations pursuant to O.A.C. 3701–53 when administering a breathalyzer test."

■ Since a portion of the appellant's motion was concerned with *Miranda* rights and the trial court continued that portion of the motion to be dealt with during the trial itself and the appellant eliminated the necessity of that by entering his no contest plea in lieu of the trial, appellant waived that portion of the motion and any assignment of error connected with it.

■ As to the balance of the motion to suppress, while we had formerly found that the trial court was not required to consider on a motion to suppress those issues which go to the admissibility of breath test results, we now follow the Supreme Court of Ohio in *Defiance v. Kretz* (1991), 60 Ohio St.3d 1, 573 N.E.2d 32, which holds that such a motion is a proper pretrial procedure for that purpose. Nor do we disagree that breath test results should not be admitted if they are not accurate or properly administered; and, further, concur that the burden of going forward with the evidence to prove compliance with the applicable rules and regulations is quickly shifted to the state of Ohio in such matters. However, we do not find error in this instance.

The filing of proper pretrial motions to suppress is encouraged in order that the trial court not be required to stop during the course of a trial to determine collateral issues as to the means by which the prosecution obtained its evidence. Further, the failure of defense counsel to object to any improperly obtained evidence as soon as he can, may reasonably lead the prosecution to believe that there is no objection to the evidence and the prosecution will therefore, based upon that reliance, not go to the trouble and expense of obtaining other necessary evidence for the trial. In addition, failure to timely raise objections to any such improper evidence before trial may result in waiving the same. Crim.R. 12(G); *State v. Hennessee* (1984), 13 Ohio App.3d

436, 13 OBR 525, 469 N.E.2d 947; and *State v. Davis* (1964), 1 Ohio St.2d 28, 30 O.O.2d 16, 203 N.E.2d 357.

However, defense counsel are not required to file motions to suppress evidence in every case. There should be some particular basis for the filing of the motion which relates to the impropriety of the obtaining of the evidence. *Kimmelman v. Morrison* (1986), 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305. There are other provisions and methods outlined for discovery purposes in Crim.R. 16 and other rules and statutes. Therefore, the motion to suppress provided in Crim.R. 12(B)(3) should not be a fishing expedition utilized by defense counsel who have not seen fit to utilize the discovery tools. Nor should trial courts and prosecutors be routinely subjected to lengthy pretrial hearings for no reason other than for discovery which can be obtained through those other means.

In the instant case, a listing of the machine utilized, the latest radio frequency interference ("RFI") and calibration reports, and the test scores and permits of the operators are all items that can be obtained by means of proper discovery techniques without requiring the trial court to hold a two- or three-hour hearing.

In addition, a hearing is not mandated upon the filing of every motion to suppress evidence. Such motions are governed by Crim.R. 47, which states that the motion shall state the grounds with particularity and it shall be supported by a memorandum containing citations of authority and may also be supported by affidavit. The question is whether the allegations in the moving papers, including affidavits if any are filed, are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. If the allegations are sufficient, and factual issues are raised, a hearing is required.

The court may also make provision by local rule or order for the submission of the matter upon briefs without oral argument. Loc.R. 13 of the Court of Common Pleas of Auglaize County and Loc.R. 41 of the Municipal Court of Auglaize County. Neither appellant's original motion nor his amended motion contained a request for an oral hearing.

As set forth in *Xenia v. Wallace* (1988), 37 Ohio St.3d 216, 524 N.E.2d 889, the burden of initially pointing out an impropriety is upon the party challenging the same. This is because of the usual requirement that the moving party go forward with evidence to support the motion, there is a presumption of regularity of the actions of law enforcement officials, and there is a need for the prosecutor and the court to be put specifically on notice as to what the defendant is challenging.

■ That burden is not satisfied by merely wrapping the administrative code in a folder and filing it. There should be some factual basis filed along with the motion by means of affidavit or other evidentiary materials to indicate that there is some substance to the motion and not just a shotgun approach towards possibly ferreting out some poor recordkeeping or unprepared witnesses or the like.

■ Once the initial burden is established, the burden of persuasion is upon the state to show the validity of the evidence. However, neither the prosecution nor the court should be expected to anticipate and be prepared to address every specific legal and factual ground. Therefore, the defense counsel must make the grounds clear upon which he challenges the submission of the evidence. Counsel must set forth the violation that has occurred and raise the grounds upon which that violation is based by means of affidavit or other evidentiary material. Failure to adequately raise the basis of the challenge constitutes a waiver of that issue on appeal.

■ Therefore, in this case, the initial motion to suppress was totally inadequate because it merely stated that the officer administering the test did not follow the rules and regulations. There was no specificity and no supporting evidentiary materials.

■ The amended motion, while setting forth more specificity, still does not zero in on how the listed violations of the rules and regulations were to have occurred. The first alleged violation makes reference to an improper instrument but does not state in what manner the instrument is alleged to be improper nor is any evidentiary material supporting the allegation presented for consideration. Likewise, the second paragraph makes reference to the RFI test but does not specify how it is inadequate. Is the timing off? Had the machine been moved? Or is this just another reference to the operator? The same approach is set forth regarding the calibration.

For a supporting memorandum, counsel has merely set forth a reference to the *Kretz* case. There is not a single word about how the trial court is supposed to apply that case to the allegations made in the motion to suppress nor is there any further support for the alleged improprieties in the several paragraphs of the motion.

■ In *Salon v. Mallion* (1983), 10 Ohio App.3d 130, 10 OBR 156, 460 N.E.2d 729, Judge Markus pointed out that Crim.R. 12 does not mandate an evidentiary hearing on every suppression motion. The trial court must conduct such a hearing only where the claims in the suppression motion would justify relief, and where those claims are supported by factual allegations.

**830**

Where the motion does not contain factual allegations justifying relief, the trial court has discretion to deny the motion without hearing.

We find, upon consideration of the allegations set forth in appellant's motion, that appellant has merely made conclusory statements and has not set forth factual allegations to support the claims with particularity that are sufficient to entitle him to an evidentiary hearing on his motion to suppress. The assignment of error is overruled and the judgment of the municipal court is affirmed.

*Judgment affirmed.*

HADLEY, P.J., EVANS and THOMAS F. BRYANT, JJ., concur.