OPINION
{¶ 1} This is an appeal from the Ashtabula County Court of Common Pleas convicting appellant, John E. McMillion, of grand theft of a motor vehicle in violation of R.C. 2913.02(A)(1) and (B)(5), a felony of the fourth degree.
 {¶ 2} On February 17, 2004, Dameon Cooper was employed at Phil's Catering in Ashtabula, Ohio. At approximately 4:30 p.m., Mr. Cooper, about to leave work, stepped out to start his Chevrolet Cavalier to warm the engine. The vehicle was located immediately in front of the building. Mr. Cooper went back in the shop to clock out when he heard a noise and observed an individual, later identified as appellant, sitting behind the wheel of his vehicle. As appellant began reversing the vehicle, Cooper exited his workplace and grabbed onto the driver's side door handle. Cooper opened the door and appellant lost control of the vehicle, steering it into a snow bank. Appellant exited the vehicle and escaped on foot down into a wooded area which eventually led to State Route 45.
 {¶ 3} Cooper, along with two co-workers, began pursuing appellant on foot. While following appellant, Cooper contacted the police using his cell phone. Cooper testified he called the police twice, detailing the situation, his location, and a physical description of appellant. After contacting the authorities, Cooper and his co-workers continued to follow appellant; however, Cooper testified he kept a safe distance from him because he was unsure if appellant was armed or otherwise dangerous.
 {¶ 4} In the meantime, Louise Church was driving on State Route 45 on February 17, 2004 when she observed "some boys walking in the road and another one ahead of them that was running * * *." Ms. Church, an employee of Ashtabula City Schools, testified she recognized Mr. Cooper as a former student at Ashtabula High School. Church passed Cooper and his co-workers and, as she approached appellant, he "grabbed" her driver's side window. After releasing the window, Church testified, appellant "ran in front of [her] car and jumped on the hood * * *." At that point, Church stopped her vehicle and appellant moved off the hood. Church then left the scene and phoned the Sheriff's Department.
 {¶ 5} Appellant's testimony differed significantly from the foregoing. Appellant stated he was walking down State Route 45 when he was accosted by three young black men. Appellant testified he was struck in the back of the head with a "beer bottle" or a "piece of ice" and beaten mercilessly. Appellant testified he did not attempt to steal Cooper's vehicle and was fleeing from the three men when he attempted to solicit help from Church. Appellant denied jumping on the hood of Church's car.
 {¶ 6} Deputy James Baehr of the Ashtabula County Sheriff's Department arrived on the scene in response to Cooper's cell phone calls. Upon arrival, Baehr testified he observed four males, one of whom (appellant) had a cut on his head. Baehr called for an ambulance which arrived and attended to appellant's wound. Baehr testified he then obtained information regarding the incident from Cooper which led to appellant's arrest. Baehr sent Cooper back to Phil's Catering to provide a written statement. Baehr handcuffed appellant, placed him in his cruiser, and drove to Phil's Catering. After writing his statement, Cooper identified appellant, who was situated in the back seat of Deputy Baehr's cruiser, as the individual who tried to leave with his vehicle.
 {¶ 7} On June 3, 2004, appellant was indicted by the Ashtabula County Grand Jury on one count of grand theft of a motor vehicle, a felony of the fourth degree. Appellant filed a motion to suppress the evidence of Cooper's identification claiming the procedure was suggestive and its results unreliable. On October 4, 2004, the trial court overruled appellant's motion and trial commenced later that day. Appellant was found guilty as charged on October 6, 2004 and, on February 1, 2005, was sentenced to 12 months imprisonment. Appellant now appeals and assigns three errors for our review.
 {¶ 8} Appellant's first assignment of error asserts:
 {¶ 9} "Appellant's conviction of grand theft auto in violation of [R.C.] 2913.02 is neither supported by sufficient evidence nor is it supported by the manifest weight of the evidence."
 {¶ 10} When measuring the sufficiency of the evidence, an appellate court must consider whether the state set forth adequate evidence to sustain the jury's verdict as a matter of law. City of Kent v. Kinsey, 11th Dist. No. 2003-P-0056,2004-Ohio-4699, at ¶ 11. A verdict is supported by sufficient evidence when, after viewing the evidence most strongly in favor of the prosecution, there is substantial evidence upon which a jury could reasonably conclude that the state proved all elements of the offense beyond a reasonable doubt. State v. Schaffer
(1998), 127 Ohio App.3d 501, 503, citing State v. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 14-15.
 {¶ 11} Appellant was convicted of theft pursuant to R.C.2913.02(A)(1) and (B)(5), which read:
 {¶ 12} "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
 {¶ 13} "(1) Without the consent of the owner or person authorized to give consent;
 {¶ 14} "* * *
 {¶ 15} "(B)(5) If the property stolen is a motor vehicle, a violation of this section is grand theft of a motor vehicle, a felony of the fourth degree."
 {¶ 16} The state provided evidence that appellant entered Cooper's vehicle and attempted to drive away without Cooper's consent. Such evidence, when viewed most strongly in the prosecution's favor, is sufficient to establish appellant knowingly exerted control over Cooper's vehicle, with the purpose to remove the vehicle from the parking lot of Phil's Catering, without Cooper's permission. The trial court did not err in denying appellant's Crim.R. 29 motion.
 {¶ 17} An appellate court reviewing a claim that the verdict is against the weight of the evidence reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts, the trier of fact clearly lost its way and affected such a manifest miscarriage of justice that a new trial must be ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52. However, the discretionary power to award a new trial shall be exercised only in exceptional circumstances where the evidence weighs heavily against the conviction. State v.Beesler, 11th Dist. No. 2002-A-0011, 2003-Ohio-2814, at ¶ 12.
 {¶ 18} Appellant contends the verdict is against the weight of the evidence because his trial testimony was contrary to the testimony of Cooper and, in certain material respects, that of Church. In appellant's view, the jury clearly lost its way in convicting appellant in view of the contrasting evidence produced by both parties. We disagree.
 {¶ 19} Although the state's version of events differs considerably from appellant's version, the jury found the testimony of Cooper and Church more credible than that of appellant. When conflicting testimony is presented at trial, a conviction is not against the manifest weight of the evidence merely because the jury believed the prosecution's testimony.Beesler, supra, at ¶ 22. Because appellant's argument is exclusively premised upon the basic and unremarkable fact that the testimony conflicted, we cannot find his conviction against the manifest weight of the evidence. Appellant's first assignment of error is without merit.
 {¶ 20} Appellant's second assignment of error contends:
 {¶ 21} "Appellant's constitutional rights were violated when assistant county prosecutor Patricia Smith commented on his failure to give a statement to the authorities."
 {¶ 22} During her closing argument, the prosecutor stressed that Cooper observed appellant in his vehicle and then followed him until the police arrived. The prosecutor then challenged the credibility of appellant's version of events; in doing so, she noted:
 {¶ 23} "Deputy Baehr arrives on the scene, and I don't know, my common sense tells me if three guys just beat me up, I'm running up to Deputy Baehr with open arms saying, thank God you're here, these guys just beat me up."
 {¶ 24} Defense counsel objected to the prosecutor's statement and moved for a mistrial. The court overruled defense counsel's motion but instructed the jury to disregard the prosecutor's comment.
 {¶ 25} Before analyzing appellant's argument, we note that the prosecutor's statement is not per se improper. The record does not indicate appellant actually asserted his right to remain silent. To be sure, the record is also bereft of any post-arrest statement; however, if the latter occurred, appellant would have waived his right to remain silent and therefore the remark would be fair. See, State v. Gillard (1988), 40 Ohio St.3d 226,231-232, citing Anderson v. Charles (1980), 447 U.S. 404, 409
(underscoring that the courts of Ohio do not afford a "`formalistic understanding of "silence"' whereby `[e]ach of two inconsistent descriptions of events may be said to involve "`silence'" insofar as it omits facts included in the other version.'") As the record is incomplete in this regard, we cannot categorically state the prosecutor's statement was improper. However, for the sake of the instant analysis, we shall assume
appellant asserted his right against self-incrimination thereby rendering the prosecutor's remark a comment on appellant's post-arrest silence. With this in mind, we proceed.
 {¶ 26} It is well known that prosecutors are afforded a certain degree of latitude in their summation. State v. Smith
(1984), 14 Ohio St.3d 13. However, the prosecution may not strike foul blows in an effort to obtain a conviction. Id. Where an accused asserts his constitutional right to remain silent, his silence may not be used against him to prove his guilt. Doyle v.Ohio (1976), 426 U.S. 610. In Doyle, the United States Supreme Court condemned prosecutors who attempted to impeach a defendant's trial testimony by cross-examination based upon the defendant's post-arrest silence and exercise of his Miranda
rights. The court stated that "* * * it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial." Doyle, supra, at 618. WhileDoyle specifically prohibits comments on post-arrest silence during cross-examination, it goes without saying that such comments are similarly damaging when espoused during closing arguments.
 {¶ 27} Alleged Doyle violations are analyzed under the harmless error standard. State v. Flowers (Nov. 1, 1991), 11th Dist. No. 90-T-4452, 1991 Ohio App. LEXIS 5230, at 13-14; see, also, State v. Froe, 4th Dist. No. 02CA2860, 2003-Ohio-7334;State v. Eck (Apr. 28, 2000), 6th Dist. No. S-98-050, 2000 Ohio App. LEXIS 1833, at 6-7, citing United States v. Newman (C.A. 9, 1991), 943 F.2d 1155, 1158. To determine whether a prosecutor's conduct was harmless, we shall consider the extent of the comments, whether an inference of guilt from silence was stressed to the jury, and the extent of other evidence suggesting appellant's guilt. State v. Sybert (June 19, 1998), 6th Dist. No. L-96-337, 1998 Ohio App. LEXIS 2681, at 8.
 {¶ 28} Appellant contends the prosecutor improperly commented upon appellant's post-arrest silence during her closing argument thereby creating, in the mind of the jury, an inference of guilt in violation of his constitutional rights. Specifically, the prosecutor's remark suggests appellant's failure to immediately apprise the deputy of being beaten by Cooper, et al., is a basis for an inference of guilt. So construed, the argument is improper and in violation of an assertion of one's right to remain silent.
 {¶ 29} That said, the comment was isolated, occurred only once, and the prosecutor did not unduly emphasize her point. Reviewing the comment in question in the context of the entire closing argument, we do not believe the prosecutor stressed to the jury that it should infer guilt solely from appellant's failure to offer his version of events immediately after arrest. Moreover, the evidence of appellant's guilt was manifest through Cooper's testimony and complimented by various aspects of Church's testimony. The testimony of these two witnesses was consistent with the prosecution's theory of the case and at odds with certain crucial features of appellant's defense. Finally, the court instructed the jury to ignore the comment and, on several occasions throughout trial, told the jury the information set forth in closing arguments may not be treated as evidence. It is well known that a jury is presumed to follow the instructions of the trial court. State v. Foster, 11th Dist. No. 2000-T-0033, 2001-Ohio-8806, at 30, citing State v. Loza
(1994), 71 Ohio St.3d 61, 79.
 {¶ 30} For the foregoing reasons, we do not believe the prosecutor's comment could have influenced the jury so heavily that, absent the comment, the jury would not have found appellant guilty beyond a reasonable doubt. Thus, we hold the prosecutor's comment during closing, while inappropriate, was harmless. Appellant's second assignment of error is overruled.
 {¶ 31} Appellant's final assignment of error states:
 {¶ 32} "Appellant's constitutional rights were violated when he was presented to a state's witness for an out of court show up identification procedure."
 {¶ 33} We interpret appellant's final assignment of error as a challenge to the trial court's denial of his motion to suppress evidence of what he characterized as an unnecessarily suggestive "show-up" identification.
 {¶ 34} When considering a motion to suppress, the trial court functions as the trier of fact. On review, we are obligated to accept the trial court's factual findings if they are supported by competent credible evidence. State v. Retherford (1994),93 Ohio App.3d 586, 592. After accepting these findings, we then independently determine, as a matter of law, whether the applicable legal standard was met. Id.
 {¶ 35} The admissibility of a pretrial identification of a suspect by a witness involves a two-step analysis. State v.Brown, 11th Dist. No. 2002-T-0077, 2003-Ohio-7183, at ¶ 18. First, the court must determine whether the identification procedure was unduly suggestive. If so, the court must ascertain whether there was a substantial likelihood of misidentification. Id., citing Neil v. Biggers (1972), 409 U.S. 188, 197-199.
 {¶ 36} The defendant bears the burden of proving that the procedure used was unfairly suggestive and the ensuing identification was unreliable through reference to the totality of the circumstances. Brown, supra, at ¶ 19. Where the defendant fails to meet his burden on the first prong, we need not consider the issue of reliability. However, where the defendant satisfies his initial burden, the burden of persuasion rests with the prosecution to demonstrate the evidence is valid and reliable. Id., citing State v. Kuzma (Dec. 3, 1993), 11th Dist. No. 93-P-0019, 1993 Ohio App. LEXIS 5768, at 5, quotingState v. Hensley (1992), 75 Ohio App. 3d 822, 828-829.
 {¶ 37} Appellant argues the procedure resulting in Cooper's identification was unconstitutionally suggestive and consequently unreliable. Appellant underscores that the identification was made when he was handcuffed and sitting in the back of Deputy Baehr's cruiser. In appellant's view, the identification was tainted because it suggested he was "guilty of something." We find appellant's argument unpersuasive.
 {¶ 38} First, Deputy Baehr testified he responded to Cooper's call regarding appellant's attempted theft of Cooper's vehicle. Baehr arrived on the scene and observed four individuals. After taking brief verbal statements from Cooper and his companions, Deputy Baehr arrested appellant. Although Baehr did not testify to the precise content of the statement(s) (as it was ruled inadmissible hearsay), we can reasonably conclude Cooper, et al., identified appellant as the thief prior to the allegedly tainted identification at issue. In our view, the existence of an untainted antecedent identification is sufficient to render any subsequent allegedly unreliable identification harmless.
 {¶ 39} Moreover, even assuming Cooper's subsequent identification of appellant at Phil's Catering was based upon an unduly suggestive procedure, we do not believe it unreliable. Cooper testified he observed appellant in his vehicle attempting to drive away. After exiting the vehicle, Cooper followed appellant down State Route 45, never losing sight of him, until the authorities arrived. Cooper further testified there was no doubt in his mind appellant was the individual "behind the wheel of [his] car that day[.]"
 {¶ 40} Under the circumstances, we hold Cooper's identification was reliable irrespective of the context in which it occurred. The trial court did not err when it overruled appellant's motion to suppress and therefore appellant's third assignment of error is without merit.
 {¶ 41} For the foregoing reasons, appellant's three assignments of error are overruled and the judgment of the Ashtabula Court of Common Pleas is hereby affirmed.
O'Neill, J., Grendell, J., concur.