[Cite as *State v. Codeluppi*, 2012-Ohio-5812.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

| STATE OF OHIO | | C.A. No. 11CA010133 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CORRINE CODELUPPI | | ELYRIA MUNICIPAL COURT COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 2011TRD05695 |

DECISION AND JOURNAL ENTRY

Dated: December 10, 2012

MOORE, Judge.

{¶1} Defendant-Appellant, Corrine Codeluppi, appeals from the November 14, 2011 order of the Elyria Municipal Court denying her motion to suppress. For the following reasons, we affirm.

I.

{¶2} In August of 2011, Officer Ryan M. Young of the North Ridgeville Police Department stopped Ms. Codeluppi on Lorain Road for driving 53 m.p.h. in a 35 m.p.h. zone. When Officer Young walked to the driver's window of Ms. Codeluppi's car, he smelled a strong odor of alcohol coming from the interior of the car. He confronted Ms. Codeluppi about the odor, and she admitted to being at two bars and having two drinks. At that time, Officer Young requested that Ms. Codeluppi exit the car to perform Field Sobriety Tests.

{¶3}     Officer Young attempted to administer three Field Sobriety Tests on Ms. Codeluppi:  (1) the Horizontal Gaze Nystagmus ("HGN"), (2) the Walk and Turn, and (3) the One Leg Stand.

{¶4}     During the instruction phase of the HGN test, Officer Young reported that Ms. Codeluppi swayed toward and away from him.  He observed that her eyes were red and glassy. He also observed lack of smooth pursuit, distinct nystagmus at maximum deviation, and the onset of nystagmus prior to 45 degrees in both eyes.

{¶5}     Prior to the Walk and Turn test, Officer Young gave Ms. Codeluppi the option of taking off her high heeled shoes and performing the test in her bare feet.  Ms. Codeluppi refused and testing commenced.  During the instruction phase of the Walk and Turn test, Ms. Codeluppi could not stand in the start position, thus causing her to reposition her feet throughout the test. She also used her arms to maintain balance and repeatedly interrupted the officer while he explained the test.  Further, Officer Young reported that she started the test three times prior to being instructed to do so.  Finally, when Ms. Codeluppi was instructed to begin, she began the test on the wrong foot and did not touch "heel to toe on steps 3, 6, 8, and 9."  Officer Young re-explained the test and during her second attempt, Ms. Codeluppi used her arms for balance, walked casually, completely failing to touch heel to toe.

{¶6}     Again, prior to the One Leg Stand test, Ms. Codeluppi declined the offer to remove her high heeled shoes.  During the instruction phase of the One Leg Stand test, she prematurely started the test twice.  Then, after three attempts where she either lost her balance or failed to count, Officer Young terminated the test for Ms. Codeluppi's own safety.

{¶7}     At that time, Officer Young arrested Ms. Codeluppi for operating a vehicle while intoxicated ("OVI").     Ms. Codeluppi was charged with OVI, in violation of R.C.

4511.19(A)(1)(a), and speeding, in violation of R.C. 4511.21.  Ms. Codeluppi pleaded not guilty to all charges and filed a motion to suppress wherein she challenged the constitutionality of her arrest.

{¶8}    In her motion to suppress, Ms. Codeluppi asserted that: (1) the officer lacked sufficient reasonable grounds to effectuate a traffic stop and/or probable cause to arrest her, (2) the Field Sobriety Tests were not conducted in substantial compliance with National Highway Traffic Safety Administration ("NHTSA") Guidelines, and (3) statements she made during the traffic stop were obtained in violation of her Fifth, Sixth, and Fourteenth Amendment rights.  Ms. Codeluppi also requested a hearing.

{¶9}    One day prior to the hearing scheduled on November 15, 2011, the State filed its response to Ms. Codeluppi's motion to suppress.  In its response, the State argued that Ms. Codeluppi's motion should be denied because, pursuant to Crim.R. 47, it failed to state with particularity the respects in which Officer Young failed to conduct the Field Sobriety Tests in substantial compliance with NHTSA guidelines.  As such, the State contended that Ms. Codeluppi did not put it on notice by setting forth any factual basis for her challenge to the constitutionality of the traffic stop and arrest.

{¶10}  On November 14, 2011, after reviewing both parties' arguments, the trial court denied Ms. Codeluppi's motion to suppress without conducting the scheduled hearing, and, instead, set the matter for a pre-trial.  In its order, the trial court stated:

> [Ms. Codeluppi's] Motion to Suppress is denied, at the [S]tate's request, due to the fact it fails to state legal and factual bases with sufficient particularity to * * * place the prosecutor and the court on notice of the issues to be decided. * * * Case remains set for pretrial on 11/15/11 at 1:30 P.M.

{¶11}  On November 15, 2011, Ms. Codeluppi filed a motion for leave to file a supplemental brief in support of her motion to suppress, along with an affidavit from her

attorney, Joseph T. Burke. In addition, she simultaneously filed a supplemental brief and a motion for reconsideration. That same day, Ms. Codeluppi pleaded no contest to OVI and speeding. Based upon her plea, the trial court found Ms. Codeluppi guilty of OVI, and the State dismissed the speeding violation.

{¶12} Ms. Codeluppi timely appealed, and raised five assignments of error for our consideration. For purposes of facilitating our discussion, we will address Ms. Codeluppi's related assignments of error together.

{¶13} Prior to addressing Ms. Codeluppi's assignments of error, we will briefly address the State's contention that there is no final appealable order in this case because the trial court never ruled upon Ms. Codeluppi's motions for leave to file a supplemental brief in support of her motion to suppress and for reconsideration. "Typically, if a trial court fails to rule on a pending motion prior to entering judgment, it will be presumed on appeal that the motion in question was implicitly denied." *George Ford Constr., Inc. v. Hissong*, 9th Dist. No. 22756, 2006-Ohio-919, ¶ 12, citing *Lorence v. Goeller,* 9th Dist. No. 04CA008556, 2005-Ohio-2678, ¶ 47. In the present matter, Ms. Codeluppi filed the above-stated motions on November 15, 2011, and then, subsequent to filing the motions, entered a plea of no contest as to OVI and speeding. The record indicates that the trial court accepted Ms. Codeluppi's plea and journalized a sentencing order wherein she was found guilty of OVI and the charge for speeding was dismissed. The record is devoid of any evidence indicating that the trial court was unaware of the motions filed prior to Ms. Codeluppi's plea, or that the trial court intentionally left certain motions pending. Therefore, this Court cannot conclude that the trial court failed to consider Ms. Codeluppi's motions. Rather, we conclude that the trial court implicitly overruled the motions and a final appealable order exists. *See Lorence* at ¶ 48.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ISSUED AN ORDER DENYING [MS.] CODELUPPI'S MOTION TO SUPPRESS EVIDENCE WITHOUT ALLOWING [MS.] CODELUPPI AN OPPORTUNITY TO REPLY IN VIOLATION OF RULE[S] 47 AND 12(F) OF THE OHIO RULES OF CRIMINAL PROCEDURE.

{¶14} In her first assignment of error, Ms. Codeluppi argues that the trial court abused its discretion by denying her motion to suppress without allowing her time to file a reply to the State's response in violation of Crim.R. 47 and 12(F). An abuse of discretion "implies that the [trial] court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). We disagree with Ms. Codeluppi's contention.

{¶15} Motions in criminal proceedings are governed by Crim.R. 47, which states:

An application to the court for an order shall be by motion. A motion, other than one made during trial or hearing, shall be in writing unless the court permits it to be made orally. It shall state with particularity the grounds upon which it is made and shall set forth the relief or order sought. It shall be supported by a memorandum containing citations of authority, and may also be supported by an affidavit.

To expedite its business, the court may make provision by rule or order for the submission and determination of motions *without oral hearing* upon brief written statements of reasons in support and opposition.

(Emphasis added.) However, this is a traffic case, and Traf.R. 11(E) sets forth the procedure for ruling on motions. Therefore, Ms. Codeluppi's reliance upon Crim.R. 12(F) is misplaced. Traf.R.11(E) does not provide for the filing of a reply to the response to a motion, but states, in relevant part, that "[a] motion made before trial, other than a motion for change of venue, shall be timely determined before trial."

{¶16} In the present matter, Ms. Codeluppi filed her motion to suppress and the State filed its response. Upon reviewing the arguments made by both parties, the trial court

adjudicated the matter in favor of the State. Based upon the record before us, we cannot say that the trial court abused its discretion in ruling on Ms. Codeluppi's motion to suppress without allowing Ms. Codeluppi time to file a reply to the State's responsive memorandum. First, Ms. Codeluppi had the opportunity to make all arguments in her original motion to suppress. Second, Ms. Codeluppi does not cite any authority where a trial court abused its discretion by ruling on a motion to suppress, prior to allowing time for the filing of a reply, where both parties submitted their arguments to the trial court via written memoranda. Finally, the record does not demonstrate that Ms. Codeluppi requested to file a reply brief when she pleaded to the OVI charge.

{¶17} Ms. Codeluppi relies upon our decision in *State v. Dalchuk*, 9th Dist. No. 21422, 2003-Ohio-4268, to support her argument. However, *Dalchuk* is clearly distinguishable from the present matter. In *Dalchuk* at ¶ 5, we held that the trial court abused its discretion by granting the appellee's petition to vacate his administrative license suspension ("ALS"), the same date it was filed, without giving the State notice or time to respond. We stated that "'[u]ntil the other party has a reasonable opportunity to file a written response, there is no reasonable consideration by the court of the issues involved.'" *Id.*, quoting *State v. Diehl*, 3d Dist. No. 14-89-30, 1991 WL 44166, *3 (Mar. 25, 1991).

{¶18} Here, unlike *Dalchuk*, both parties filed written memoranda setting forth their positions regarding the issue of whether evidence derived from the traffic stop should be suppressed. The trial court agreed with the State's position and denied Ms. Codeluppi's motion. Because both parties had an opportunity to make their respective arguments, we cannot say that the trial court's denial of Ms. Codeluppi's motion to suppress, without allowing time for her to file a reply, was arbitrary, unreasonable, or unconscionable.

{¶19} Accordingly, Ms. Codeluppi's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED [MS.] CODELUPPI'S MOTION TO SUPPRESS WITHOUT CONDUCTING THE PREVIOUSLY SCHEDULED ORAL HEARING IN VIOLATION OF RULE [11(B)(3)(b)] OF THE LOCAL RULES OF ELYRIA MUNICIPAL COURT; [AND] RULE[S] 47 AND 12(F) OF THE OHIO RULES OF CRIMINAL PROCEDURE.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED [MS.] CODELUPPI'S MOTION TO SUPPRESS FOR FAILURE TO STATE WITH SUFFICIENT PARTICULARITY THE GROUNDS UPON WHICH THE MOTION WAS MADE IN VIOLATION OF RULE[S] 47 AND 12(F) OF THE OHIO RULES OF CRIMINAL PROCEDURE.

{¶20} In her second and third assignments of error, Ms. Codeluppi argues that the trial court abused its discretion by denying her motion to suppress (1) without conducting a hearing, in violation of Loc.R. 11(B)(3)(b) [1] of the Elyria Municipal Court and Crim.R. 47 and 12(F), and, (2) for failure to state with sufficient particularity the grounds upon which the motion was made in violation of Crim.R. 47 and 12(F).

{¶21} Loc.R. 11(B)(3)(b) of the Elyria Municipal Court states, in relevant part that, aside from continuances, "[a]ll other motions shall be in conformance with applicable Rules of Criminal Procedure. Motions shall be set for oral hearing, unless otherwise ordered by the Court."

{¶22} In the present matter, the trial court set the suppression hearing on November 15, 2011. However, after reviewing the parties' submitted motions and memoranda, the trial court

---

[1] We note that Ms. Codeluppi misstates the local rule in her brief as "11(A)(3)" and "11(B)(3)."

denied Ms. Codeluppi's motion and converted the suppression hearing into a pretrial. Pursuant to Loc.R. 11(B)(3)(b), "[m]otions shall be set for oral hearing, unless *otherwise ordered* by the Court." (Emphasis added.) Although the trial court originally set a suppression hearing, in compliance with the local rule, it later denied Ms. Codeluppi's motion prior to the hearing because it determined that the motion failed "to state legal and factual bases with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided." As such, the trial court did not violate Loc.R. 11(B)(3)(b) by setting a suppression hearing and later converting it to a pretrial through an order of the court.

{¶23} Traf.R. 11(E) does not mandate a hearing on every suppression motion. Thus, the trial court is required to hold a hearing only when the claims are supported by factual allegations which would justify relief. (*See State v. Jefferson*, 9th Dist. No. 20156, 2001 WL 276343, *3 (Mar. 21, 2001), quoting *State v. Hartley*, 51 Ohio App.3d 47, 48 (9th Dist.1988), for a similar proposition of law set forth in Crim.R. 12(F)). As such, "we review a trial court's decision not to hold an evidentiary hearing under an abuse of discretion standard." *Westerville v. Sagraves*, 10th Dist. No. 04AP-1126, 2005-Ohio-5078, ¶ 10. Further, as stated above, Crim.R. 47 provides that a motion "shall state *with particularity* the grounds upon which it is made and shall set forth the relief or order sought." (Emphasis added.)

{¶24} Here, the trial court's order stated that Ms. Codeluppi's motion failed to state any legal and factual bases to place the prosecutor and trial court on notice regarding the issues to be decided. Upon review of the motion, we agree that it *generally* sets forth numerous legal issues regarding probable cause, substantial compliance with NHTSA guidelines in field sobriety testing, and possible constitutional violations. However, the motion fails to state *with particularity* any factual allegations as to (1) how Officer Young allegedly lacked probable cause

to further detain Ms. Codeluppi after initiating the traffic stop, and (2) the respects in which Officer Young allegedly violated provisions of the NHTSA guidelines in administering the Field Sobriety Tests.

**{¶25}** In *State v. Zink*, 9th Dist. No. 17484, 1996 WL 502317, *1 (Sept. 4, 1996), we examined the issue of whether Ms. Zink's motion to suppress complied with the particularity requirement set forth in Crim.R. 47, thus mandating an evidentiary hearing on suppressing the results of her breath alcohol test. Ms. Zink argued that, pursuant to the Supreme Court of Ohio's decision *State v. Shindler*, 70 Ohio St.3d 54 (1994), her motion to suppress complied with Crim.R. 47 by providing "adequate information to identify the issues to be decided through a combination of general factual allegations and citations to relevant legal authority." *Id*. In affirming the trial court's decision not to hold an evidentiary hearing, we stated:

> The State cannot be expected to anticipate and prepare to address every possible violation of Ohio Revised Code 4511.19(D), 4511.19(A) through (D) and Ohio Department of Health Regulations under O.A.C. 3701-53-01 et seq., without any clue as to *which* violation was alleged to have occurred. In addition, there must be some factual basis in the motion to indicate that there is some substance to the motion and not just a shotgun approach achieved by merely "wrapping the administrative code in a folder and filing it." *State v. Hensley*, 75 Ohio App.3d 822, 829 (3d Dist.1992).

(Emphasis sic.) *Shindler* at *2. Further, we distinguished *Zink* from *Shindler* by noting that, although Ms. Shindler's motion was "quite broad," it "set forth seven separate paragraphs, each specifically stating exactly *which* particular statute, regulation, subsection and constitutional right she alleged was violated." *Id*. Additionally, we mentioned that Ms. Shindler's motion "also included many specific factual allegations pertaining to each purported infraction * * * ." *Id*.

**{¶26}** Here, based upon the record before us, we conclude Ms. Codeluppi's motion to suppress is more akin to Ms. Zink's, rather than Ms. Shindler's, motion. We acknowledge that

Ms. Codeluppi sets forth many legal issues and supporting authorities, however, when discussing the actual traffic stop, she merely states that "the testing law enforcement officer failed to instruct, conduct, evaluate, administer, and/or record the standardized field sobriety tests used in the within matter in substantial compliance with the NHTSA Guidelines." This statement is very broad and it does not adequately put the State or trial court on notice of the issues to be decided. Therefore, pursuant to Crim.R. 47, the trial court did not abuse its discretion in denying Ms. Codeluppi's motion to suppress without a hearing for lack of particularity.

{¶27} Accordingly, Ms. Codeluppi's second and third assignments of error are overruled.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED [MS.] CODELUPPI'S MOTION TO SUPPRESS THEREBY ALLOWING EVIDENCE DERIVED FROM AN ILLEGALLY EXTENDED INVESTIGATIVE DETENTION TO BE USED TO ESTABLISH PROBABLE CAUSE FOR THE ARREST AND CONVICTION OF [MS.] CODELUPPI, ALL IN VIOLATION OF [MS.] CODELUPPI'S RIGHT TO BE FREE FROM AN UNREASONABLE SEARCH AND SEIZURE, RIGHT AGAINST SELF-INCRIMINATION, RIGHT TO BE REPRESENTED BY AN ATTORNEY, AND RIGHT TO DUE PROCESS OF LAW PURSUANT TO THE FOURTH, FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED [MS.] CODELUPPI'S MOTION TO SUPPRESS THEREBY ALLOWING EVIDENCE DERIVED FROM FIELD SOBRIETY TESTS ADMINISTERED IN CONTRAVENTION OF THE NHTSA GUIDELINES TO BE USED TO ESTABLISH PROBABLE CAUSE FOR THE ARREST AND CONVICTION OF [MS.] CODELUPPI, ALL IN VIOLATION OF [MS.] CODELUPPI'S RIGHT TO BE FREE FROM AN UNREASONABLE SEARCH AND SEIZURE, RIGHT AGAINST SELF-INCRIMINATION, RIGHT TO BE REPRESENTED BY AN ATTORNEY, AND RIGHT TO DUE PROCESS OF LAW PURUSANT TO THE FOURTH, FIFTH, SIXTH, AND FOURTEENTH

AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION.

{¶28} In her fourth and fifth assignments of error, Ms. Codeluppi argues that the trial court abused its discretion in denying her motion to suppress because (1) Officer Young illegally extended her detention after the initial traffic stop, and (2) the Field Sobriety Tests were administered in contravention to NHTSA guidelines. Thus, she argues that Officer Young lacked probable cause to arrest her for OVI.

{¶29} In its resolution of Ms. Codeluppi's third assignment of error, this Court concluded that the trial court did not err in denying her motion to suppress. Therefore, Ms. Codeluppi's fourth and fifth assignments of error are moot, and we decline to address the issue of probable cause.

III.

{¶30} In overruling Ms. Codeluppi's first, second, and third assignments of error, and deeming her fourth and fifth assignments of error moot, we affirm the judgment of the Elyria Municipal Court.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

DICKINSON, J.
CONCURS IN JUDGMENT ONLY.

BELFANCE, J.
DISSENTING.

{¶35} I respectfully dissent because I believe that the trial court was required to give Ms. Codeluppi the opportunity to actually respond to the State's responsive filing rather than rule merely six hours after its filing. Furthermore, I believe that Ms. Codeluppi's motion to suppress was sufficient to put the prosecution on notice of the grounds upon which it was made, and, therefore, the trial court erred when it denied her motion without a hearing.

**Opportunity to Respond**

{¶36} The record indicates that Ms. Codeluppi filed her suppression motion on October 4, 2011. That same day, the trial court issued a notice setting the suppression hearing for November 15, 2011, as well as a third pretrial. Notwithstanding the trial court's issuance of the notice of hearing, the State did not protest that it did not have sufficient notice of the grounds for the suppression motion or the nature of the alleged constitutional violations to enable it to proceed with the hearing. In anticipation of the hearing, a subpoena was issued for an officer's

attendance. For over one month, the State did not oppose the suppression motion. Then, one day prior to the scheduled suppression hearing, the State filed a "Response to Defendant's Motion to Suppress" in which it "move[d] the Court to deny the Defendant's Motion to Suppress[,]" and also was "seeking * * * sufficient particularity on the issue of alleged improper administration of field sobriety tests[.]" Notably, the infirmity identified by the State related to only one of the grounds set forth in the suppression motion, and the State did not address the remaining alternative grounds. In substance, the State's "Response" was actually a motion to dismiss Ms. Codeluppi's motion to suppress, acting for all practical purposes as a collateral attack on the motion. Thus, Ms. Codeluppi was entitled to an opportunity to respond to the State's procedural argument just as the State had been entitled to respond to her substantive arguments. *See State v. Dalchuck*, 9th Dist. No. 21422, 2003-Ohio-4268, ¶ 5 ("Until the other party has a reasonable opportunity to file a written response, there is no reasonable consideration by the court of the issues involved.") (Internal quotations and citation omitted.). However, the trial court acted upon the State's filing just hours after it was filed. Given the circumstances, I disagree with the majority's assertion that this was a situation where "both parties had an opportunity to make their respective arguments[.]"

{¶37} Ironically, although the State claimed that Ms. Codeluppi's motion was not specific enough, the State's responsive filing could be said to suffer from the same deficiency given its broad and nonspecific assertion that the suppression motion was deficient. In its response, the State did not truly explain why it could not discern Ms. Codeluppi's grounds for the motion. The State merely asserted that her "Motion to Suppress states only that the field sobriety tests were not administered in strict compliance NHTSA guidelines[]" and that "specific alleged violations were not noted giving no factual basis for the overly broad allegation." The

remainder of the State's response contains a lengthy discussion of legal precedent regarding "'shotgun' motion[s.]"[2] The vague nature of the State's filing makes the trial court's immediate ruling even more problematic given that Ms. Codeluppi should have, at the very least, been afforded the opportunity to point out the need for clarification of the State's reasoning, not to mention challenge the fact that the State never addressed or recognized the multiple grounds in her motion.

{¶38} Our system of justice is founded upon the principle of due process, which includes notice, an opportunity to be heard, and fair play among litigants. *See, e.g., Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, 542 (1985) ("An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case.") (Internal quotations and citations omitted.). Ms. Codeluppi's motion sat unopposed for over thirty days and was not met with opposition until the day before the scheduled suppression hearing. When the State responded, the trial court acted upon the State's filing within hours, thus depriving Ms. Codeluppi of any reasonable opportunity to provide a response to the issues raised by the State. Under the circumstances of this case, Ms. Codeluppi should have been afforded the opportunity to respond to the State's filing, and, therefore, I would sustain her first assignment of error.

**Sufficiency of Motion to Suppress**

{¶39} However, even assuming the trial court did not commit reversible error by depriving Ms. Codeluppi of the opportunity to respond to the State's filing, I believe its determination that her motion was not stated with sufficient particularity is also erroneous.

---

[2] In fact, it could be said that the State's motion closely resembles a boilerplate response as it contains no facts concerning the case and does not even address three of the four grounds upon which Ms. Codeluppi's motion to suppress was based.

**Standard of Review**

{¶40} Before addressing whether Ms. Codeluppi provided the prosecution with sufficient notice of the grounds upon which she sought to suppress in accordance with Crim.R. 47 and the principles enunciated in *State v. Shindler*, 70 Ohio St.3d 54 (1994), I question the majority's employment of an abuse of discretion standard of review with respect to the initial determination of the sufficiency of the motion under Crim.R. 47. Notably, the *Shindler* Court did not review the sufficiency of the motion under an abuse of discretion standard, rather, the court appeared to review the sufficiency of the motion de novo.[3]

{¶41} The majority relies in part upon *Westerville v. Sagraves*, 10th Dist. No. 04AP-1126, 2005-Ohio-5078, which reasoned that, because Crim. R. 12 does not require a hearing on every motion to suppress, the court's decision not to hold a hearing is reviewed under an abuse of discretion standard. However, many of the cases relied upon in *Sagraves* only apply the abuse of discretion standard where the motion does not contain *any* factual allegations at all. *See Sagraves* at ¶ 10. *See, e.g., State v. Hensley*, 75 Ohio App.3d 822, 830 (3d Dist.1992) ("Where the motion *does not contain factual allegations justifying relief*, the trial court has discretion to deny the motion without hearing.") (Empahsis added.); *Solon v. Mallion*, 10 Ohio App.3d 130, 132 (8th Dist.1983) ("The defense motion here did not contain any such factual allegation, so the court had discretion to deny the motion without any further hearing.").[4] In

---

[3] *Shindler* expressly recognizes that, if a motion to suppress is sufficient under Crim.R. 47, the trial court is required to hold a hearing. *See id.* at syllabus. Thus, any discretion regarding the decision to hold a hearing arises only after a court makes the threshold legal determination that the motion is not sufficiently particular under Crim.R. 47.

[4] *Sagraves* also relies upon *State v. Gozdan*, 7th Dist. No. 03 CA 792, 2004–Ohio–3209, and *State v. Miller*, 1st Dist. Nos. C-930290, C-930291, 1994 WL 79590 (Mar. 16, 1994). However, *Gozdan*, like *Sagraves*, misstates *Mallion. Gozdan* at ¶ 6. *Miller* similarly misapplies *State v. Kuzma*, 11th Dist. No. 93-P-0019, 1993 WL 545129 (Dec. 3, 1993 because *Kuzma*

contrast to those cases, in this case, the motion did contain factual allegations. However, irrespective of which standard of review is applied, I would find that the trial court committed reversible error because Ms. Codeluppi's motion was sufficient under Crim.R. 47.

**Sufficiency of Motion**

{¶42} In *Shindler*, the motion to suppress "challenged the admission of [the defendant's] breathalyzer test results on the basis of specific regulations and constitutional amendments she believed were violated." *Shindler*, 70 Ohio St.3d at 57. Nothing in *Shindler* indicates that the defendant provided any additional factual support for her allegations regarding violations of the administrative code.[5] Nevertheless, the Supreme Court affirmed the decision of the court of appeals that the defendant's motion to suppress satisfied the particularity requirement of Crim.R. 47. *Id.* at 58.

{¶43} In this case, Ms. Codeluppi filed a 10-page motion and memorandum in support of her motion setting forth the specific grounds she sought to suppress evidence. In her motion to suppress, she alleged, in pertinent part for purposes of this appeal, as follows:

> The law enforcement officer lacked probable cause to arrest the Defendant and thus any evidence obtained as a result thereof is the fruit of an unconstitutional search and seizure in violation of the rights guaranteed the Defendant by the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 14 of the Ohio Constitution.
>
> []The standardized Field Sobriety Tests were not conducted in substantial compliance with NHTSA guidelines.

---

provides that "[a] trial court has discretion to deny a suppression motion without hearing *where the motion fails to comply with the dictates of Crim.R. 47*." (Emphasis added.) *Kuzma* at *3.
[5] The discussion of factual support in *Shindler* is limited to the memorandum giving support to the defendant's allegation that the officer lacked reasonable suspicion to initiate the traffic stop. *Id*. at 57. Of course, an allegation that an officer "was not licensed to operate the instrument analyzing the Defendant's alcohol level nor was he supervised by a senior operator in accordance with O.A.C. 3701–53–07" is itself both a factual and legal assertion. *Id*. at 55, 57.

In her memorandum in support of her motion to suppress, Ms. Codeluppi asserted that Officer Ryan Young requested that she perform the horizontal-gaze-nystagmus test, the walk-and-turn test, and the one-legged-stand test. Ms. Codeluppi argued that the officer lacked probable cause to arrest her because he failed to perform the field sobriety test in compliance with NHTSA as required by R.C. 4511.19(D)(b)(4) and asserted that her arrest was "[b]ased on her performance[]" in the field sobriety tests. Thus, Ms. Codeluppi's motion contained both factual assertions and legal authority in support of her motion.

**{¶44}** This case is clearly distinguishable from *State v. Zink*, 9th Dist. No. 17484, 1996 WL 502317 (Sept. 4, 1996), upon which the majority relies.[6] In that case, this Court stated, "The State cannot be expected to anticipate and prepare to address every possible violation of Ohio Revised Code 4511.19(D), 4511.191(A) through (D) and Ohio Department of Health Regulations under O.A.C. 3701-53-01 *et seq.,* without any clue as to *which* violation was alleged to have occurred." (Footnotes omitted.) (Emphasis sic.) *Id*. at *2. Far from the motion to suppress in *Zink*, which broadly alleged violations of R.C. 4511.19(D), R.C. 4511.191(A)-(D), and OAC 3701-53-01 et seq, Ms. Codeluppi narrowly alleged that the officer had not conducted the horizontal-gaze-nystagmus test, the walk-and-turn test, or the one-legged-stand test in substantial compliance with NHTSA as required by R.C. 4511.19(D)(b)(4). In other words, as in *Shindler*, she specifically asserted the code section (R.C. 4511.19(D)(b)(4)), the standards that had not been met (NHTSA), and even the specific tests she was challenging. The State could

---

[6] Notably, the trial court in *Zink* conducted a hearing on the portion of the defendant's suppression motion challenging the grounds for the traffic stop and probable cause. *Id*. at *1. It denied a hearing only on the portion of the motion concerning lack of compliance with the entirety of various provisions of the Ohio Revised Code and the administrative code. *Id*.

have had no doubt what the basis for Ms. Codeluppi's motion to suppress was.[7] However, even assuming that the portions of Ms. Codeluppi's motion to suppress referenced above did not satisfy the particularity requirement of Crim.R. 47, she also specifically argued that the tests were invalid because

1) The tests were administered under duress resulting in the Defendant's emotional and/or physical condition (independent of alcohol) affecting the Defendant's ability to perform the field sobriety tests;

2) The tests were administered under difficult environmental conditions;

3) The officer's analysis of the Defendant's performance on these tests was biased[,] resulting in inaccurate recording at the police station.

In other words, Ms. Codeluppi's motion to suppress *at the very least* specifically alleged that Officer Young failed to properly conduct the field sobriety tests because they were administered under improper conditions, both environmental and due to her own mental and physical condition.

{¶45} It is important to remember that

[a] defendant has a short window of time in which to file the motion or face a waiver. Until discovery is complete, counsel will likely not have sufficient information to fully explore potential grounds. Even after it is concluded, the defense may still lack some information necessary to explore and pursue all potential grounds. As [an] example, in the case of field sobriety tests, few defendants will be conversant enough to inform counsel of the exact details in which the tests were administered so as to expose any defects. Unless a video has been made, and preserved, of the test administration, the attorney will likely not be in a position to learn the deficiencies in the administration of the test until there is an opportunity to question the officer on the stand.

Weiler and Weiler, *Ohio Driving Under the Influence Law*, Section 9:13 (2012-2013 Ed.). In light of the constraints for the filing of a motion to suppress, to require a defendant to file an

---

[7] Upon stating the grounds upon which suppression is sought, the State is then in a position to investigate the matter prior to hearing. Unlike defense counsel, it has easy access to law enforcement and can quickly obtain information concerning the circumstances of the traffic stop as well as the administration of field sobriety tests.

even more detailed motion to suppress than Ms. Codeluppi's places an improper burden upon defendants who are essentially at the start of the case and may have very little information. *See Shindler*, 70 Ohio St.3d at 58 (recognizing time constraints attendant to suppression motions as well as potential waiver of constitutional issues). Crim.R. 47 sets forth a basic requirement that all motions, including suppression motions, generally contain the basis for which they are being pursued—a concept that is consistent with the notice pleading requirements inherent in our justice system. *See State v. Slates*, 9th Dist. No. 25019, 2011-Ohio-295, ¶ 74 (Belfance, P.J., dissenting) ("The holding in *Shindler* is consistent with the generalized pleading requirements that are basic to our jurisprudence."). In my view, it is evident that *Shindler* stands for the proposition that the Crim.R. 47 sufficiency requirement is met where the basic factual and legal contours of the challenge are set out. Accordingly, I would find that Ms. Codeluppi's motion satisfied the requirements of Crim.R. 47 and sustain her third assignment of error.

APPEARANCES:

JOSEPH T. BURKE, Attorney at Law, for Appellant.

TONI L. MORGAN, Prosecuting Attorney, for Appellee.